UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:09-cr-0046-LRH-RAM |
| v. | ORDER |
| GILBERTO LOPEZ-MONJARAZ, | |
| Defendant. | |

Before the court is defendant Gilberto Lopez-Monjaraz's ("Monjaraz") motion for reconsideration of the court's order denying his renewed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #53[1]). Doc. #54. The United States has filed an opposition to the motion. Doc. #55.

**I.     Facts and Procedural History**

On November 3, 2009, Monjaraz pled guilty to possessing with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Doc. #14. Monjaraz was subsequently sentenced to one hundred eighty-eight (188) months incarceration. Doc. #20.

///

///

---

[1] Refers to the court's docket number.

On June 9, 2011, Monjaraz filed a motion to vacate pursuant to 28 U.S.C. §2255. Doc. #22. On October 18, 2011, the court granted Monjaraz's motion, vacated the judgment, and re-entered the judgment to allow Monjaraz an opportunity to appeal his sentence. *See* Doc. #28. Monjaraz appealed his sentence (Doc. #30) which was ultimately affirmed by the Ninth Circuit (Doc. #44).

Subsequently, Monjaraz filed a renewed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #45) which was denied by the court (Doc. #53). Thereafter, Monjaraz filed the present motion for reconsideration. Doc. #54.

**II.     Discussion**

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's prior order is not warranted. Monjaraz claims that reconsideration is warranted because the court improperly assigned him two criminal history points for his prior 2003 state felony conviction. Monjaraz's argument is without merit.

Pursuant to Section 4A1.1 of the United States Sentencing Guidelines the court is directed to add two criminal history points "for each prior sentence of imprisonment of at least 60 days." U.S.S.G. § 4A1.1(b). Here, Monjaraz served 242 days for his prior conviction, well over the sixty day threshold. Thus, the court correctly added two criminal history points - sufficient to place Monjaraz in Criminal History Category II - to his guideline range. Accordingly, the court shall deny Monjaraz's motion for reconsideration.

///

1    IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Doc. #54) is
2 DENIED.
3    IT IS SO ORDERED.
4    DATED this 19th day of December, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE