UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GILBERTO LOPEZ-MONJARAZ,

    Defendant.

3:09-cr-0046-LRH-RAM

ORDER

Before the court is the Ninth Circuit's order on remand for the limited purpose of either granting or denying a certificate of appealability to defendant Gilberto Lopez-Monjaraz ("Monjaraz") for his appeal of the court's order denying his renewed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #53[1]). Doc. #62.

On November 3, 2009, Monjaraz pled guilty to possessing with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Doc. #14. Monjaraz was subsequently sentenced to one hundred eighty-eight (188) months incarceration. Doc. #20.

On June 9, 2011, Monjaraz filed a motion to vacate pursuant to 28 U.S.C. §2255. Doc. #22. On October 18, 2011, the court granted Monjaraz's motion, vacated the judgment, and re-entered the judgment to allow Monjaraz an opportunity to appeal his sentence. *See* Doc. #28. Monjaraz

---

[1] Refers to the court's docket number.

appealed his sentence (Doc. #30) which was ultimately affirmed by the Ninth Circuit (Doc. #44).

Subsequently, Monjaraz filed a renewed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #45) which was denied by the court (Doc. #53). In response, Monjaraz filed a motion for reconsideration of the court's order (Doc. #54) which was also denied by the court (Doc. #61). Thereafter, the Ninth Circuit issued the underlying order of remand for the limited purpose of either granting or denying a certificate of appealability on Monjaraz's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #62.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B).

Here, the court finds that Monjaraz has not shown a denial of a constitutional right in his § 2255 motion. In the court's order denying his § 2255 motion, the court noted that Monjaraz had failed to raise any meritorious challenge to his sentence because he received a sentence within the contemplated guideline range. *See* Doc. #53. Further, Monjaraz has failed to demonstrate that reasonable jurists would find the court's assessment of his claims debatable or wrong. *See Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). Therefore, the court shall deny Monjaraz a certificate of appealability on his motion to vacate sentence pursuant to 28 U.S.C. § 2255.

IT IS THEREFORE ORDERED that defendant is not entitled to a Certificate of Appealability.

IT IS SO ORDERED.

DATED this 16th day of January, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE